IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| ALLIANCE TO END REPRESSION, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 74 C 3268 ) JUDGE GOTTSCHALL |
| CITY OF CHICAGO, et al., | ) ) |
| Defendants. | ) ) consolidated with ) |
| AMERICAN CIVIL LIBERTIES UNION, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 75 C 3295 ) JUDGE GOTTSCHALL |
| CITY OF CHICAGO, et al., | ) ) |
| Defendants. | ) |

## PROTECTIVE ORDER

**THIS CAUSE COMING ON TO BE HEARD** on the joint motion of plaintiffs and defendant(s) for a Protective Order pursuant to Federal Rule of Civil Procedure 26©, due notice given, and the Court having found just cause for the entry of a protective order;

**IT IS HEREBY ORDERED** that the City of Chicago's motion for a protective order pursuant to Federal Rule of Civil Procedure 26© be granted as follows:

(1) all documents or other material produced pursuant to this order shall be used solely by counsel to this case with appearances in this case and who are actively involved with the Petition filed by the American Civil Liberties Union and the American Friends Service

Committee, and only for purposes of this action and for no other litigation or other purpose;

(2) counsel in this action shall not disclose documents, and shall not disclose any information contained or reflected in the documents produced under this Protective Order except to the following persons:

    a. designated and disclosed experts and their employees or staff members retained to furnish technical or expert services specifically for this litigation or to give testimony in connection with this litigation, including designated and disclosed independent experts and their employees or staff members hired specifically for this litigation, to the extent deemed necessary by counsel;

    b. deponents during the course of their depositions, to the extent reasonably necessary to obtain relevant information from the deponent, provided that to the extent that portions of the transcript of any deposition or the exhibits thereto incorporate the information reports or any information identifying any individual in such reports (other than police personnel acting in the scope of their duties), such deponents, transcript portions and any such exhibit shall be subject to the terms of this Protective Order in the same manner as the information reports themselves and subject to

Paragraph 3 of this Protective Order;

    c.    the court and court personnel, in camera, under seal, as necessary in support of motions, pleadings and other court papers and proceedings;

(3)    before permitting any person (other than those persons covered by paragraph 2(d)) to examine any information reports produced subject to this Protective Order, or before disclosing to any person any information that would identify any individual (other than police personnel acting in the scope of their duties) named in the information reports, counsel in this action must provide every such person a copy of this Protective Order and obtain from every such person receiving such information or information reports a written acknowledgment and agreement that the person is aware that these restrictions are imposed by court order, agrees to be bound to its terms, and that the person subjects him- or herself to the jurisdiction of this court for purposes of enforcement of this Protective Order. Such written acknowledgment and agreement shall be promptly provided to counsels of record.

(4)    neither the documents nor their contents may be disseminated to any other person except in a filing with this Court under seal;

(5)    any documents or other materials produced pursuant to this order may be redacted as to personal or privacy information including, but not limited to, social security numbers,

personal addresses and other such personal or privacy information or as to information that discloses any information about any person other than the American Friends Service Committee, or any information that would reveal the identity of a confidential informant or compromise an ongoing criminal, regulatory, or employee disciplinary investigation or would be exempt from mandatory disclosure under 5 ILCS 140/7©, (d); but, whether redacted or not, plaintiff's counsel shall not disclose the contents of documents or other properties, or copies or transcripts thereof, or any information contained therein, except as otherwise permitted pursuant to further order of this Court;

(6)     each document shall bear the following designation, or equivalent:

CONFIDENTIAL: DOCUMENT PRODUCED PURSUANT
TO PROTECTIVE ORDER ENTERED IN 74 C 3268 & 75 C 3295

No document containing the "Confidential" stamp or any identifying number shall be copied in whole or in part without the "Confidential" designation and the identifying number appearing on the copy;

(7)     if disputes arise concerning the propriety of designating particular documents as confidential, whether certain documents or information should be released from the provisions of this protective order, or concerning any other matter relating to the application of this order, counsel shall attempt to resolve these disputes by agreement before asking the court to resolve

these disputes pursuant to the applicable Federal Rules of Civil Procedure;

(8) upon disposition of the Petition filed by the American Civil Liberties Union and the American Friends Service Committee on or about April 25, 2005, the provisions of this order shall continue to be binding upon all parties and attorneys to this action, but only to the extent of the matters in or involved in the adjudication of the Petition and/or to documents produced under this Protective Order;

(9) within 30 days of the disposition of the Petition filed by plaintiffs on or about April 25, 2005, upon any defendant's request, counsel for any party to whom discovery has been produced under this protective order shall return all documents or properties, and copies thereof, produced pursuant to this protective order to the requesting counsel for the City Defendants, c/o City of Chicago Law Department, 30 North LaSalle Street, Suite 900, Chicago, Illinois 60602 or any succeeding address;

(10) nothing herein, nor the fact of this protective order, nor any discovery produced under this protective order shall be deemed to effect the right of any party to propound and seek to enforce, or to object to and to quash, any discovery or any discovery request; and

(11) the Court finds good cause for this Protective Order to protect the interest of the parties and of third parties from unwarranted disclosure of information that might adversely effect or jeopardize any asserted activity(ies), interest(s), operation(s) or procedure(s), including,

but not limited to, highly sensitive and personal information.

DATE: 11/29/15                    ENTER: [signature]

Agreed:

_____    Date: November 16, 2005
Edward Feldman, Attorney for
the plaintiffs in No. 75 C 3296

_____    Date: November 3, 2005
Tom Forgue, Attorney for
the City Defendant(s)

## Motions
1:75-cv-03295 Amer Civil Liberties, et al v. Chgo, Cty of, et al **CASE CLOSED on 08/27/1997**

United States District Court

Northern District of Illinois - CM/ECF LIVE, Ver 2.5

Notice of Electronic Filing

The following transaction was received from Feldman, Edward entered on 11/16/2005 at 2:51 PM CST and filed on 11/16/2005

**Case Name:** Amer Civil Liberties, et al v. Chgo, Cty of, et al
**Case Number:** 1:75-cv-3295
**Filer:** American Civil Liberties Union of Illinois, Inc.
American Friends Service Committee
**WARNING: CASE CLOSED on 08/27/1997**
**Document Number:** 36

**Docket Text:**
MOTION by Plaintiffs American Civil Liberties Union of Illinois, Inc., American Friends Service Committee for protective order (Attachments: # (1) Protective Order)(Feldman, Edward)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040059490 [Date=11/16/2005] [FileNumber=1851720-0] [57b28daa46acc9149807961a609cd1783ad8427679c80b8397ac7118cce70b8cbd afc7e2ea5c436f7a234c9c51169203c41373c2f5f7b821bc8a0e2a6923a154]]
**Document description:** Protective Order
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040059490 [Date=11/16/2005] [FileNumber=1851720-1] [2325d1fe20ed8611a40f898740f76c5466bf6358b229ad739948c713429e5bd44b a7c799558ecd79e6345518bd0fe680338b8744cf13eea168da23ca60aec27b]]

**1:75-cv-3295 Notice will be electronically mailed to:**

AUSA     ausa.ecf@usdoj.gov

Ellen M. Babbitt     ebabbitt@babbittandmelton.com, jmcnamara@babbittandmelton.com

Shannon P Bartlett     sbartlett@jenner.com

Imani Chiphe     imani_chiphe@fd.org

Michael Edward Deutsch     mdeutsch45@aol.com

Edward W. Feldman    efeldman@millershakman.com, odom@millershakman.com

Thomas Forgue    tforgue@cityofchicago.org

Michael A. Forti    mforti@cityofchicago.org

Robert C. Howard    bobhoward@attglobal.net

John H. Mathias, Jr    jmathias@jenner.com,

Bruce William Melton    bmelton@babbittandmelton.com, jmcnamara@babbittandmelton.com

Howard Patrick Morris    morrisp@jbltd.com

Richard J. O'Brien    robrien@sidley.com, efilingnotice@sidley.com

Edward M. Ordonez    eordonez@sanchezdh.com,

Matthew J. Piers    mpiers@ghsltd.com, rortiz@ghsltd.com

Thomas M. Staunton    tstaunton@millershakman.com, ldavis@millershakman.com

Andrew W Worseck    aworseck@cityofchicago.org

**1:75-cv-3295 Notice will be delivered by other means to:**

William T. Barker
Sonnenschein, Nath & Rosenthal, LLP
233 South Wacker Drive
8000 Sears Tower
Chicago, IL 60606

Douglass W. Cassel, Jr
Northwestern University School Of Law
Legal Clinic
357 East Chicago Ave
Chicago, IL 60611

James L. Coghlan
Coghlan, Kukankos & Cook
55 West Wacker Drive
Suite 1210
Chicago, IL 60601-1612

Peter Fitzpatrick
Attorney at Law
10532 South Hoyne
Chicago, IL 60643

Albert Brooks Friedman

Law Offices of Albert Friedman
33 North Dearborn
Suite 2401
Chicago, IL 60602

Sybille C Fritzsche
Attorney at Law
5801 South Blackstone
Chicago, IL 60637

Stanley J. Garber
Bell, Boyd & Lloyd LLC
70 West Madison Street
Suite 3300
Chicago, IL 60602-4207

Richard Martin Gutman
Attorney at Law
55 Warfield Street
Montclair, NJ 07043-1116

Lance Haddix
Attorney at Law
111 West Washington Street
Suite 2010
Chicago, IL 60602-2714

Roger Sanford Hutchison
Attorney at Law
Dearborn Station
47 West Polk Street
3rd Floor
Chicago, IL 60605

Edward J. Koziboski
Cook County Public Defender's Office
Felony Trial Division
2650 South California Avenue
Chicago, IL 60608

J Charles Kruse
Attorney at Law
Post Office Box 68
Ben Franklin Station
Washington, DC 20044

George Joseph Murtaugh , Jr
Attorney at Law
53 West Jackson Boulevard
Chicago, IL 60604

Harry Joshua Nelson
Butler Rubin Saltarelli & Boyd LLP
Three First National Plaza
70 West Madison Suite 1800
Chicago, IL 60602

Richard J. Phelan
Foley & Lardner
321 North Clark
Suite 2800
Chicago, IL 60610-4714

Thomas Joseph Royce
221 North LaSalle Street
Suite 2100
Chicago, Il 60601

R Joseph Sher
Torts Branch Civil Division
Benjamin Franklin Station
Post Office Box 7146
Washington, DC 20044

Lawrence J. Suffredin , Jr
Attorney at Law
111 East Wacker Drive
Suite 2800
Chicago, IL 60601

Paul Anthony Tanzillo
McBreen, Kopko, McKay & Nora
20 North Wacker Drive
Suite 2520
Chicago, IL 60606