**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AMERICAN CIVIL LIBERTIES UNION ) | | |
| OF ILLINOIS, et al. ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | Case No. 75 C 3295 | |
| v. ) | | |
| ) | Judge Joan B. Gottschall | |
| CITY OF CHICAGO, et al. ) | | |
| ) | | |
| Defendants. ) | | |

## ORDER

In the City's motion to dismiss American Civil Liberties Union's and American Friends Service Committee's (collectively "petitioners'") petition to enforce, the City sought to dismiss the petition's claim that the City violated the modified consent decree ("MCD") by destroying documents related to the First Amendment investigation of AFSC. The City argued that there is no provision in the MCD requiring it to retain documents. In its March 24, 2006 order, the court rejected this argument and found that "implicit in the MCD's requirement of yearly internal audits and an external audit after five years is the requirement that the City maintain documents necessary to conduct those audits." Order at 9 (Mar. 24, 2006). The City now asks the court to reconsider this ruling on two main grounds: (1) the document retention requirement violates Federal Rule of Civil Procedure 65(d), and (2) pre-audit discovery and expert testimony are contrary to the MCD, will interfere with the external auditor's ability to conduct the audit, and are premature. For the reasons that follow, the City's motion to reconsider is denied.

As an initial matter, the City argues that this court's finding an implicit document retention requirement must be incorrect because the original consent decree contained document

1

retention provisions that were deleted from the modified consent decree.  *See* Original Consent Decree § 3.1.7.2, reprinted in *Alliance to End Repression v. City of Chicago*, 561 F. Supp. 537, 564 (N.D. Ill. 1982).  The original consent decree required that, once First Amendment investigations were complete, the investigation files be sealed with limited access.  On a yearly basis, these sealed files were transferred to sealed retention files that were then required to be retained for ten years and ultimately destroyed.  *Id.*  The court rejects the City's argument that because this provision was deleted from the MCD, it has carte blanche to destroy documents.  The deletion of a rigorous document retention procedure cannot be read to foreclose a common sense requirement that the City conduct reasonable steps necessary to ensure that the required audits are conducted successfully; such steps include retaining documents necessary to conducting the required audits.

      The City argues that this court's holding that the MCD's requirement of periodic audits also requires the City to retain documents is contrary to Rule 65(d) and case law interpreting that rule.  Rule 65(d) states:

> Form and Scope of Injunction or Restraining Order. Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

A leading treatise states: "the drafting standard established by Rule 65(d) is that an ordinary person reading the court's order should be able to ascertain from the document itself exactly what conduct is prescribed."  11A Wright, Miller & Kane, Federal Practice and Procedure § 2955 (2d ed. 1995).

When a court interprets a consent decree, it "is to be strictly construed in accordance with its own language and not in accordance with its purposes." *Sealy Mattress Co. of Michigan v. Sealy, Inc.*, 789 F.2d 582, 585 (7th Cir. 1986). However, a consent decree is a contract that is "construed according to basic principles of contract interpretation." *Ahern v. Bd. of Education of the City of Chicago*, 133 F.3d 975, 981 (7th Cir. 1998).

The City argues that the requirement that it retain documents necessary to conduct the required audits violates Rule 65(d) because that requirement is not expressly stated in the MCD and because it is too vague for the City to comply with it. First, the court rejects the City's argument that the court's ruling violates Rule 65(d) because there is no explicit document retention requirement in the MCD. While an injunctive order must be in specific terms, there is no requirement that every implicit detail be clearly spelled out in the text of the order. Rather, since the MCD requires the City to perform periodic audits, it necessarily requires the City to complete the steps that are necessary to ensure those audits take place. For example, suppose the City retained all the documents but refused to allow the auditors access to any documents. There is no express provision in the MCD requiring the City to give the auditors access to required information, yet the City's refusal to cooperate in the audit would surely be a violation of the MCD.

Of course, as to the present petition to enforce, having no information about which documents were destroyed and which have been retained in the investigative file, the court expresses no opinion on whether the City appropriately maintained documents here; indeed it may well be that the City's document destruction was appropriate. To date, the court has held only that the petition on this issue survives a motion to dismiss because the City cannot destroy

documents with impunity under the MCD.

None of the numerous cases cited by the City support reconsideration.  In particular, none of the cases is factually similar to the present case, particularly given that the court has held only that the petition survives a motion to dismiss.  Thus, the motion to reconsider on the ground that the court's prior order violates Rule 65(d) is denied.[1]

Next, the City argues that pre-audit discovery and expert testimony is contrary to the MCD, will interfere with the external auditor's ability to conduct the audit, and is premature.  The City argued in its motion to dismiss that the petition on this issue is not yet ripe because no injury can occur from document destruction until the auditor issues a report.  The court rejected this argument, finding that petitioners may be able to show an injury prior to the audit through the use of expert testimony. Order at 8-9 (Mar. 24, 2006).

On reconsideration, the City asserts that expert discovery is contrary to the MCD because petitioners have "no role" in ensuring compliance with the MCD.  In support of this contention, the City cites a Seventh Circuit opinion that dealt with whether a petitioner in this case was entitled to attorney's fees.  *See Alliance to End Repression v. City of Chicago*, 356 F.3d 767, 772

---

[1] The City also argues that this court does not have jurisdiction to issue a declaratory judgment because the MCD includes retention of jurisdiction only for enforcement of compliance with the MCD or for punishment for violations of the MCD. Declaratory judgment, the City argues, is not enforcement because declaratory judgment is not "immediate relief." The sole case cited by the City, *Crowley Cutlery Co. v. U.S.*, 849 F.2d 273, 279 (7th Cir. 1988), does not involve an interpretation of whether a declaratory judgment would be enforcement of a consent decree. Rather, that case states: "The plaintiff in a declaratory-judgment action is not seeking immediate relief, and judges ought to be alert to the possibility that he may be trying to enlist them in a tactical maneuver undeserving of the expenditure of federal judicial resources." *Id.* The MCD does not state that the relief must be immediate. Rather, the court thinks it appropriate for the petitioners to choose to seek declaratory judgment rather than a contempt citation in asking the court to enforce the MCD.

(7th Cir. 2004). The issue before the Seventh Circuit there, however, was whether the petitioner was entitled to an award of attorneys' fees and not whether the petitioner could seek enforcement of the consent decree.

The City next argues that discovery will interfere with the external auditor's attempt to conduct the audit. The court agrees with petitioners that this concern is premature. Petitioners have informed the court that they have not yet served discovery on the City as to this portion of the petition to enforce. The City's concern that discovery will interfere with the audit is pure speculation. If the petitioners serve discovery in the future that interferes with the auditor's ability to perform the audit, the City can object to the discovery at that time.

Finally, the City argues that any discovery on the issue of document destruction is premature because no injury has occurred until after the audit report is complete. In deciding the City's motion to dismiss, the court rejected this argument, and the City has given the court no reason to reconsider it.

For these reasons, the City's motion to reconsider is denied.

                            ENTER:


                           ___/s/_____
                           Joan B. Gottschall
                           United States District Judge

Dated: July 28, 2006