

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

### Eastern Division

| | |
|---|---|
| ALLIANCE TO END REPRESSION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHICAGO, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) )   No. 74 C 3268 <br> JUDGE GOTTSCHALL <br><br> consolidated with |
| AMERICAN CIVIL LIBERTIES UNION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHICAGO, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) )   No. 75 C 3295 <br> JUDGE GOTTSCHALL |

### STIPULATION AND AGREED ORDER

1. Deloitte & Touche LLP ("D&T") has received a subpoena dated September 11, 2007, from petitioners American Civil Liberties Union of Illinois ("ACLU") and American Friends Service Committee ("AFSC"), seeking the production of documents related to its Independent Accountants' Report For the Period January 1, 2001 to December 31, 2005 ("Independent Accountants' Report"), dated July 13, 2007, regarding the City of Chicago's compliance with the Modified Consent Decree, dated March 2, 2001, and seeking testimony regarding D&T's Independent Accountants' Report.

2.     The Modified Consent Decree, "Injunction" par. 5, provides, in part, that "[t]he auditors shall not disclose any information to anyone but the [Chicago Police] Board, the Superintendent of Police, or (upon his request) the Mayor." The Court, in its March 24, 2006 opinion at pages 9 through 10 stated that this provision of the Modified Consent Decree required the ACLU and AFSC to "use judicial process to gain access to documents underlying audit reports . . . [so that] . . . the court can ensure that documents are disclosed in an appropriate manner (under protective order when necessary) when such disclosure is material and relevant."

3.     It is agreed and ordered that D&T may produce documents in response to the subpoena and may provide testimony related to its Independent Accountants' Report pursuant to a validly-issued subpoena for deposition testimony.

4.     Petitioners and D&T are discussing the scope of the subpoena and will attempt in good faith to reach an agreement by January 24, 2007 on the scope and timing of document production and deposition testimony.

5.     All documents produced and any subsequent deposition testimony will be subject to the terms of the Protective Order, dated November 3, 2005, entered in this case. Further, it is agreed and ordered that the ACLU and AFSC will return all documents produced by D&T and copies thereof to D&T within thirty (30) days of the disposition of both the pending Petition to Enforce Modified Consent Decree, including any appeals, and the pending City Defendants' Motion To Dissolve Modified Consent Decree, including any appeals, or verify that they have destroyed such documents, except that counsel for the ACLU, AFSC, and the City of Chicago may keep an office file of internal memoranda, discovery responses, pleadings, and briefs

notwithstanding that they contain documents produced by D&T so long as they are kept in accordance with the terms of the Protective Order.

Respectfully submitted,

_____
Edward W. Feldman
Miller Shakman & Beem LLP
180 North LaSalle St., Suite 3600
Chicago, IL 60601
(312) 263-3700

Attorney for ACLU and AFSC

_____
Michael A. Forti
Deputy Corporation Counsel
Andrew Worseck
Assistant Corporation Counsel
City of Chicago, Law Department
30 N. LaSalle Street, Suite 1230
Chicago, IL 60602
(312) 744-9010

Attorneys for City of Chicago

_____
Harvey Grossman
Roger Baldwin Foundation of ACLU, Inc.
180 N. Michigan Avenue, Suite 2300
Chicago, IL 60601
(312) 201-0740

Attorney for ACLU and AFSC

_____
Frank B. Vanker
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Attorney for Deloitte & Touche LLP

Date: January 7, 2008

**SO ORDERED:**

_____
Honorable Joan B. Gottschall
Date: 1/18/08

3